Joseph C. Kirchner, Matilda Kirchner (Husband and Wife) v. Commissioner.
Kirchner v. Commissioner
Docket No. 49227.
United States Tax Court
T.C. Memo 1956-266; 1956 Tax Ct. Memo LEXIS 24; 15 T.C.M. (CCH) 1399; T.C.M. (RIA) 56266; November 30, 1956
Joseph C. Kirchner, West Liberty Street, Arlington, Ohio, pro se. John J. Larkin, Esq., for the respondent. WITHEY
Memorandum Opinion The Commissioner has determined deficiencies in income tax and additions to the tax against petitioners Joseph C. and Matilda Kirchner, husband and wife, for the years 1948 through 1951 as follows: Taxable year
ended
Sec. 291(a)
Sec. 293(a)
Sec. 294(d)
December 31
Deficiency
I.R.C.
I.R.C.
I.R.C.
1948
$ 80,541.38
$ 4,027.07
1949
117,481.28
5,874.06
1950
169,596.84
8,479.84
$10,455.64
1951
128,880.10
$12,888.01
6,444.01
Total
$496,499.60
$12,888.01
$24,824.98
$10,455.64
The issues for our decision are (1) whether petitioners have understated *25 their income from brokerage fees in each year at issue, (2) in the event we should decide the first issue in favor of respondent, whether and what portion of such understatement of income was due to petitioners' negligence or intentional disregard of the rules and regulations of respondent, (3) whether for the year 1950 respondent has properly determined an addition to tax under section 294(d) of the Internal Revenue Code of 1939, and (4) whether for the year 1951 respondent has properly determined an addition to tax under section 291(a) of the 1939 Code. Opinion WITHEY, Judge: Petitioners have filed income tax returns for the years at issue with the director of internal revenue at Toledo, Ohio. Whether the returns were individual or joint is not disclosed by the record or pleadings. The opening statements of petitioner Joseph Kirchner and respondent and the direct testimony of Kirchner comprise the entire record in the trial of this case. All of the facts which we have been able to glean from the record are as follows. [Findings of Fact] During the years at issue, Joseph Kirchner, either directly or through Kay Brand Packing Co. (its character and his connection with which *26 is undisclosed) was engaged in the business of slaughtering, meat processing and packing. Plants were operated in at least Detroit, Michigan, and Toledo, Ohio, and stores for the sale of meat products were in operation in Akron, and East Liverpool, Ohio, among other places. During the years at issue the business was large with a weekly payroll of about $18,000 and a monthly sales expense of about $35,000. Profits made by the conduct of such business were primarly the result of slaughtering and processing horse meat and selling it as a more expensive product. [Opinion] Respondent has determined that Kirchner, acting as a meat broker purchased horse meat which was, by the use of fictitious invoices, charged by him to Kay Brand at the price of beef. The deficiency is computed on the amount of horse meat purchased and used by the company times the difference in cost between horse meat and beef less 4 cents per pound for "pay offs." Kirchner has produced no evidence of probative force sufficient to overcome the presumption of correctness attaching to respondent's determination of deficiencies and additions to tax. He has therefore failed to sustain his burden of proof to show error *27 and we are thus impelled to find for respondent. Decision will be entered for the respondent.